15974

TAYLOR v. MARSH *ET AL.*
(48 S. E. (2d) 606)

*Messrs. Paul Cooper* and *John W. Sholenberger,* of Columbia, for Appellants,

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, for Respondent,

Order of Judge Henderson follows:

This is a motion by the plaintiff for judgment in his favor on the pleadings.

Section 7532 of the code relates to pension funds for firemen in cities of over 20,000 inhabitants. Subsection 12 of the statute deals with the payment of pensions to disabled firemen. Paragraph (1) of the subsection provides that upon retirement the board of trustees of the fund shall order the payment to a disabled or retired fireman, monthly, of a sum equal to one-half of his monthly salary at the time of retirement.

In 1945 the General Assembly passed a statute, Acts of 1945, 44 Stat. at Large p. 236, which set forth in its title that it was "an act to amend section 7532 of the code." The first section says that section 7532 "is hereby amended by striking out all of said Section and inserting in lieu thereof a

new section, which shall henceforth be known as Section 7532, and which shall read as follows."

The words and subject matter of section 7532, subsection 12, paragraph (1) of the code are found in the 1945 amendment, in almost identical terms, as a part of paragraph 12(b), again providing for a pension of one-half of the former salary.

In 1946 the Legislature passed another law on this subject, Acts of 1946, 44 Stat. at Large page 1475. This act, in its title and in its first section, amends paragraph (1) of subsection 12 of section 7532 of the code of 1942, and does not in terms refer to the 1945 amendment.

Section 7532, subsection 12, paragraph (1) of the 1946 act is practically identical with the corresponding paragraph of the original code section, except that it provides that a disabled fireman shall be paid $100.00 a month.

It will be noted that the 1946 act does not say that it amends paragraph 12(b), but that it amends paragraph 12(1) of the code section.

The defendants contend that section 7532 of the code was wholly repealed by the act of 1945, and that the Legislature had no power, in 1946, to amend a repealed act.

I am of opinion that the act of 1946 is valid. The General Assembly represents the sovereign power of the State in legislative matters, and its powers are unlimited, except where expressly prohibited by the Constitution. The code section 7532 was not repealed by the act of 1945, but by its terms was amended. It was "henceforth to be known as section 7532." There was in 1946, a statute capable of being amended. It is perfectly true that in the interest of exactness the 1946 act should have referred to paragraph 12(b) and not 12(1), but the validity of the clearly expressed purpose of the lawmaking body should not be affected thereby. The meaning is clear, and that is the important thing, since it is the legislative intent which governs.

In 1946 the General Assembly did in fact enact a statute, which is set forth word for word on page 1476 of the acts, independent and complete in itself as to the amount of the monthly pensions, and that is the latest expression of the legislative will on this subject. *Palmetto Lumber Co. v. Southern Ry. Co.,* 154 S. C. 129, 151 S. E. 279; 59 C. J. 853, 854, 881.

With reference to the contention of the defendants, as set forth in the further defense of the answer, that the pension fund may not be large enough to pay all firemen who are eligible for retirement, that would not deprive the plaintiff of his right to a judgment, and the fund could be paid out as far as it will go.

It is therefore ordered that the plaintiff have judgment against the defendants in the sum of $88.00.

July 24, 1947.

PER CURIAM.

The several statutes involved in this action, the order of the circuit court and the exceptions have been carefully considered. No error is found in the order. It is adopted as the judgment of this court and will be reported.

BAKER, CJ., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.